(SPACE BELOW FOR FILING STAMP ONLY)

WALTER LAW GROUP
a Professional Corporation
Riley C. Walter #91839
Justin D. Harris #199112
7110 North Fresno Street, Ste. 400
Fresno, California 93720
Telephone:  (559) 435-9800
Facsimile:  (559) 435-9868
E-mail:  jharris@walterlawgroup.com

Attorneys for Grower's Committee

FILED
NOV 1 4 2005
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| In re | CASE NO. 03-11610-B-7 |
|---|---|
| CENTRAL VALLEY PROCESSING, INC., | Chapter 7 |
| Debtor | |
| | ADV. PROC. NO.: 04-1316 |
| KEN SPAGNOLA, | |
| Plaintiff, | DC. No.: WLG-2 |
| v. | Date:   October 12, 2005 |
| CENTRAL VALLEY PROCESSING, CHAPTER 7 DEBTOR, et al. | Time:   11:00 a.m. |
| | Place:  Fresno |
| Defendants. | Judge:  Honorable W. Richard Lee |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW RE
MOTION FOR INTERVENTION BY GROWERS' COMMITTEE**

At Fresno, in the Eastern District of California.

On October 12, 2005, the Court held a hearing on the Motion for

FINDINGS OF FACT AND CONCLUSIONS OF LAW RE
OR INTERVENTION BY GROWERS'

-1-

M:\A-C\Central Valley Processing, Inc\Ad Proc\Spagnola v. Growers\WLG-2 Mtn for Intervention\Findings.110705.ss.wpd

RECEIVED
November 07, 2005
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0000330518

330518

104

Intervention (WLG-2) by the Grower's Committee in Adversary Proceeding Number 04-1316 by Kenneth Spagnola ("Spagnola") against approximately 60 growers ("Growers") of Central Valley Processing, Inc. (the "Debtor"). This memorandum sets forth the findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A).

At the hearing, the Court made findings of fact and conclusions of law on the record, which are adopted and incorporated herein by reference. The Court makes the following additional findings of fact and conclusions of law:

The Grower's Committee moved for intervention pursuant to Federal Rule of Civil Procedure 24(a) or, in the alternative, 24(b), in Adversary Proceeding Number 04-1316 (the "Spagnola Lawsuit"). Spagnola commenced the Spagnola Lawsuit on or about October 4, 2004. Following a motion to dismiss by the Trustee, on or about June 22, 2005, Spagnola filed his Amended Complaint and purported to name all growers who have an interest in the fund of money which is subject to producer's liens under the California Food + Ag Code, and from which Spagnola seeks recovery. Spagnola opposes intervention by the Grower's Committee as set forth on the record.

On March 13, 2003, William T. Neary, as the United States Trustee for Region 17, appointed creditors to the Grower's Committee. Among the purposes for which the Grower's Committee was formed, was a purpose to protect the rights and interests of growers who delivered almonds to Central Valley Processing, Inc. in 2002 and who claimed producers' liens under the California Food + Ag Code. The Grower's Committee was authorized to continue after conversion to Chapter 7.

By order dated April 4, 2003, the Court approved the application of Walter Law Group for employment as counsel to the Grower's Committee. Walter Law Group does not represent any individual grower. It represents the Grower's Committee. The Grower's Committee, not Walter Law Group, moved

1 | for intervention in the Spagnola Lawsuit. The Grower's Committee seeks

2 | intervention in the Spagnola lawsuit to protect the collective interests of Growers

3 | ~~collectively~~ in the fund of money which is the subject of the litigation, rather than the individual interests of a particular Grower.

4 | Regardless of the type of intervention sought under Federal Rule of

5 | Civil Procedure 24, the requirements of intervention are to be construed broadly

6 | in favor of the party seeking intervention. See *Westlands Water Dist. v. United*

7 | *States*, 700 F.2d 561, 563 (9th Cir. 1983).

8 | The Court finds that the Grower's Committee's motion for intervention

9 | was not untimely. The Court also finds that intervention by the Grower's

10 | Committee will not unduly delay nor prejudice the rights of the original parties to

11 | the Spagnola Lawsuit.

12 | The Court finds that the Grower's Committee has a legally protectable

13 | interest in the Spagnola Lawsuit *vis-a-vis* its charge to safeguard the collective

14 | producer's lien interests of the Growers named as defendants by Spagnola, and prosecution of any counter claims against Spagnola, are. The Court also

15 | finds that there are common questions of law and fact in the Spagnola Lawsuit

16 | which will impact the Grower's Committee's interests and common interests of

17 | existing defendants. The Court further finds that resolution of the issues in this

18 | lawsuit of Spagnola's claims against the fund, and an effective defense for the benefit of the Growers, will best

19 | accomplished by means of intervention by the Grower's Committee.

20 | In light of the foregoing, and the Court's prior findings of fact and

21 | conclusions of law as stated orally on the record at the hearing, the Court

22 | concludes that the Grower's Committee has standing and the right to intervene

23 | in the Spagnola Lawsuit pursuant to Federal Rule of Civil Procedure 24.

24 | Accordingly, the Grower's Committee's motion is granted.

26 | Dated: 11-14-05

Honorable W. Richard Lee,
United States Bankruptcy Judge

---

FINDINGS OF FACT AND CONCLUSIONS OF LAW RE MOTION FOR INTERVENTION BY GROWERS' COMMITTEE -3-

M:\A-C\Central Valley Processing, Inc\Ad Proc\Spagnola v. Growers\WLG-2 Mtn for Intervention\Findings.110705.ss.wpd